EL PUEBLO, DEMANDANTE Y APELADO, *v.* LÓPEZ, ACUSADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao
en causa por seducción.

No. 1026.—Resuelto en julio 26, 1916.

SEDUCCIÓN—PROMESA DE MATRIMONIO—MATRIMONIO DEL ACUSADO CON OTRA MU-
JER.—En una causa por seducción bajo promesa de matrimonio no comete
error una corte que se niega a ordenar la eliminación de la declaración de la
perjudicada en cuanto a que, cuando ella requirió al acusado para que cum-
pliera su promesa, él se casó con otra en el término de tres días. El matri-
monio aparentemente completó el rompimiento de la promesa hecha a la per-
judicada.

ID.—PRUEBA DEL EMBARAZO DE LA SEDUCIDA—ERROR NO PERJUDICIAL.—No es un
error perjudicial el que se permita a un testigo manifestar que la perjudicada
le dijo siete meses después del suceso que estaba encinta, si tal estado queda
demostrado por otra prueba, pues aunque no es un hecho esencial es prueba
tendente a corroborar la manifestación de la perjudicada respecto a su des-
honra.

ID.—PROMESA DE MATRIMONIO—ELEMENTOS ESENCIALES—CORROBORACIÓN.—En
el delito de seducción hay dos elementos que son igualmente esenciales: la
seducción y la promesa de matrimonio, y, por tanto, debe haber prueba que
tienda a corroborar ambos elementos.

ID.—INSTRUCCIONES AL JURADO—CORROBORACIÓN—PROMESA DE MATRIMONIO.—Es
errónea una instrucción al jurado de que las admisiones hechas por el acusado
que había deshonrado a la perjudicada, es prueba de corroboración suficiente
de la declaración de ella en cuanto a la seducción y a la promesa de matri-
monio.

ID.—MATRIMONIO DEL ACUSADO CON OTRA MUJER—RELACIONES DEL ACUSADO CON
LA SEDUCIDA—PROMESA DE MATRIMONIO—PESO DE LA PRUEBA.—El contraer
el acusado matrimonio con otra mujer al ser requerido para que cumpliera su
promesa; sus relaciones continuadas por mucho tiempo con la perjudicada;
sus admisiones con respecto a haberse casado con otra mujer para evitar que
se le obligara a hacerlo con la perjudicada, y el haberle dado una sortija a la
seducida, son todos medios de prueba que tienden a corroborar la declaración
de la perjudicada en cuanto a la promesa de matrimonio y la corte debe dar
al jurado la oportunidad de resolver sobre el peso de tal prueba.

INSTRUCCIONES AL JURADO—FALTA DE OBJECIÓN O EXCEPCIÓN—ERROR FUNDAMEN-
TAL.—Aun cuando no se formule objeción o excepción específica a una instruc-
ción al jurado, si el error cometido por la corte es fundamental, podrá cono-
cerse del mismo en apelación.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Juan B. Huyke* y *Carlos
Travécier.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En una causa por seducción bajo promesa de matrimonio creemos que la corte no cometió error en negarse a ordenar la eliminación de una declaración en que la perjudicada manifestaba que el acusado, cuando ésta le apremió para que se casara con ella, se casó con otra en término de tres días. El matrimonio aparentemente completó la violación de la promesa hecha a la perjudicada.

Si se cometió algún error, no era perjudicial el permitir a un testigo manifestar que la perjudicada le dijo al testigo siete meses después del suceso, que estaba encinta la perjudicada. Su estado de embarazo quedó probado por otros testigos y aunque no es un hecho muy esencial del juicio, era prueba tendente a corroborar la manifestación de la perjudicada de que había sido deshonrada.

Asimismo no importaba el hecho de que la corte dejó de dar instrucciones al jurado en cuanto al particular.

Como el embarazo fué suficientemente probado, la admisión de las manifestaciones hechas por testigos de que la perjudicada había dicho que estaba encinta era un error que no perjudicaba, si es que fué un error, independientemente del hecho de que ni las objeciones ni los señalamientos de error fueron hechos claramente.

Creemos que la corte no cometió error alguno al decir al jurado que el hecho de que el acusado estaba comprometido con otra mujer, aun cuando tuviera conocimiento de ese compromiso la perjudicada, no destruyó, como cuestión legal, la acusación formulada por el Fiscal. En tanto la instrucción tiende a indicar que se ha probado un caso contra el acusado el lenguaje empleado está sujeto a crítica, pero el resto de las instrucciones muestra que la corte dejó la cuestión de hecho a la consideración del jurado. Además, no se llamó la atención de la corte respecto a las frases en particular.

Como la ley dispone que la declaración de la perjudicada esté corroborada, creemos que la corte no cometió error al-

guno al decir que el jurado no podía haber declarado culpable si el Fiscal no había presentado otra prueba. La forma de la instrucción es algo defectuosa por llamar la atención de que otra prueba había sido presentada por el Fiscal; pero como sin esa prueba adicional el acusado hubiera tenido derecho a una instrucción perentoria para que se le absolviera y como no hubo objeción específica, no vemos que haya habido error ni perjuicio.

La corte no estuvo justificada en un caso de seducción bajo promesa de matrimonio en informar al jurado que las admisiones hechas por el acusado de que había deshonrado a la perjudicada era una corroboración suficiente de la manifestación hecha por ella. En este delito hay dos elementos que son igualmente importantes: la seducción y la promesa de matrimonio, y debe haber prueba que tienda a corroborar cada uno de dichos elementos. *Kenyon* v. *People,* 26 New York, 203, 84 Am. Dec. 177; *Armstrong* v. *People,* 70 N. Y. 38; *State* v. *Meister,* 60 Or. 469, 120 Pac. 406; 35 Cyc. 1362. De lo contrario queda destruído el propósito de la ley. Es evidente que si era suficiente la prueba corroborante de haber inferido la deshonra el acusado, un acusado que no hubiera hecho ninguna promesa podría ser declarado culpable tan pronto como quedara probado el hecho de la seducción. Hubo prueba en los autos tendente a demostrar que al ser obligado el acusado a casarse con la perjudicada prontamente se casó con otra mujer. Se presentó prueba de una relación continuada por mucho tiempo entre el acusado y la perjudicada. Varios testigos declararon que el acusado había admitido el hecho de haberse casado de prisa para evitar que se le obligara a casarse con la perjudicada. Ahora bien, aunque nada de esto es una fuerte corroboración nos inclinamos a creer que era prueba suficiente para dejar a la consideración del jurado la cuestión de si hubo corroboración de la promesa de matrimonio. La prueba, también, de que el acusado dió una sortija a la perjudicada hubiera tendido a corroborar su declaración si se hubiera probado dicha entrega mediante prueba

independiente. En este caso era prueba de referencia que procedía de la perjudicada. La corte, sin embargo, no dió al jurado la oportunidad de resolver sobre el peso de la prueba en relación con la corroboración de la promesa de matrimonio.

No se formuló objeción específica o excepción a la instrucción de la corte, pero de acuerdo con los principios enunciados en el caso de *El Pueblo v. Lebrón,* 23 D. P. R. 658, y el de *El Pueblo v. Barrios,* 23 D. P. R. 831, y casos citados en los mismos, dicho error era fundamental y debe revocarse la sentencia y devolverse el caso para la celebración de un nuevo juicio.

> *Revocada la sentencia apelada y ordenada la*
> *celebración de un nuevo juicio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.